IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | ) | |
|---|---|---|
| KENNETH CARSON, | ) | |
| | ) | |
| Petitioner | ) | Case No. 1:19-cv-00133 |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| OBERLANDER, | ) | |
| THE DISTRICT ATTORNEY OF THE | ) | UNITED STATES MAGISTRATE JUDGE |
| COUNTY OF ERIE, and | ) | |
| ATTORNEY GENERAL OF THE | ) | MEMORANDUM OPINION AND |
| STATE OF PENNSYLVANIA | ) | ORDER ON PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS (ECF No. 5) |
| Respondents | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed by Kenneth Carson pursuant to 28 U.S.C. § 2254. ECF No. 5. For the reasons that follow, the petition will be dismissed as untimely.[1]

I. Background

A review of the record and the criminal docket sheet for Carson's underlying conviction in *Commonwealth v. Carson*, No. CP-25-CR-0002858-2012 (Erie Cnty. Com. Pl.),[2] reveals the following relevant facts.

On March 5, 2013, Carson entered a *nolo contendere* plea to two counts of violation of the Pennsylvania Controlled Substances, Drugs, Device, and Cosmetic Act.[3] On May 2, 2013, Carson

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

[2] The criminal docket is available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-25-CR-0002858-2012&dnh=mkI%2f0ajxclHSRuG%2btiGiJg%3d%3d (last visited December 16, 2020).

[3] 35 P.S. §§ 780-113(a)(16) and (a)(32).

1

was sentenced to an aggregate sentence of 24 to 48 months' imprisonment on these counts. The trial court ordered that this sentence was to run consecutively to another sentence imposed on that date, in *Commonwealth v. Carson*, No. CP-25-CR-0001062-2012 (Erie Cnty. Com. Pl.), for 12 to 24 months' imprisonment.[4]

Carson did not file post-sentence motions or a direct appeal from the judgment of sentence. On September 3, 2013, Carson filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq. The petition was dismissed on February 24, 2014. The Pennsylvania Superior Court affirmed the dismissal on October 8, 2014.

On July 17, 2015, Carson filed a second PCRA petition. That petition was dismissed as untimely on October 2, 2015. Caron did not appeal the dismissal.

On September 1, 2016, Carson filed a third PCRA petition. That petition was dismissed as untimely on September 30, 2016. The Pennsylvania Superior Court affirmed the dismissal on May 5, 2017.

Carson filed the instant petition for a writ of habeas corpus on June 10, 2019.

II.     Analysis

Respondents argue, *inter alia*, that the petition should be dismissed as untimely. ECF No. 13 at 3-4.

---

[4] Given the date of sentencing, May 2, 2013, and the length of the maximum aggregate sentence imposed by the court on that date, 72 months, it appears that Carson may not have been serving the relevant sentence when the instant petition was filed. The petition was postmarked from S.C.I. Forest on May 1, 2019, and lodged with the Court on May 6, 2019, but the filing fee was not paid until June 10, 2019, at which time the petition was filed. ECF Nos. 1 and 4.

2

A.  AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *Caldwell v. Mahally, et al.*, 2019 WL 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" applications for post-conviction or

3

collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id.* Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id.*

    1.    Trigger Date Calculation

Carson sets forth one ground for relief in his petition: ineffective assistance of plea counsel. This claim does not implicate newly enunciated constitutional rights or facts that were discovered later. Furthermore, there were no state-created impediments that prevented Carson from raising this claim sooner. Consequently, the "trigger date" for his claim is the date on which Carson's judgment of sentence became final. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

Because Carson did not file post-sentence motions, his judgment of sentence became final on or about June 3, 2013, at the expiration of the time for seeking direct review of the judgment of sentence. Pa. R. Crim. P. 720(A)(3). The one-year limitations period for filing a habeas corpus petition began to run on that date. 28 U.S.C. § 2244(d)(1)(A). Accordingly, Carson had to file any federal habeas petition by June 3, 2014. Because the instant habeas petition was filed on June 10, 2019, more than five years after the one-year limitations period had expired, his petition is statutorily time-barred. Given this deficiency, the Court must determine whether he can take advantage of the statutory tolling provision set out in Section 2244(d)(2).

    2.    Statutory Tolling

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding. Carson filed his first PCRA petition on September 3, 2013, by which time approximately 92 days of his one-year limitations

period had expired (June 3, 2013 through September 3, 2013). That PCRA petition was "properly filed,"[5] thus, the proceedings thereupon tolled the statute of limitations until they were concluded on October 8, 2014, when the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition. The statute of limitations started to run again the following day (October 9, 2014), and, at that point, Howard had 273 days (365 days - 92 days = 273 days) remaining to file a timely habeas petition. Howard filed the instant petition on June 10, 2019, 1705 days later. Thus, his petition is untimely.

### 3.      Equitable Tolling

Next, the Court must consider whether AEDPA's statute of limitations should be equitably tolled, thereby rendering the petition timely filed. *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)). The Supreme Court has held that the habeas time bar is not jurisdictional, but instead subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). To receive the benefit of equitable tolling, however, a petitioner must show that he (1) pursued his rights diligently, and (2) that extraordinary circumstances prevented him from filing a timely petition. *Holland*, 560 U.S. at 649.

The diligence required of a prisoner in pursuing the timely filing of his habeas petition is "reasonable diligence," not maximum diligence. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland*, 560 U.S. at 653). The reasonable diligence test is subjective, taken in light of the

---

[5] Because Carson's other two PCRA petitions were determined by the Pennsylvania courts to be untimely, proceedings on those petitions did not toll the statute of limitations. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

petitioner's circumstances. *Id.* at 800 (citations omitted). A petitioner bears a "strong burden to show specific facts" supporting equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). "[L]ack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)).

Carson has neither alleged nor established that he pursued his rights diligently or that extraordinary circumstances prevented him from filing a timely petition. Therefore, equitable tolling cannot excuse the untimeliness of his petition and allow this Court to consider the merits of the ineffectiveness claim.

III.   Conclusion

For the foregoing reasons, the instant petition is dismissed as time-barred. The petition will be dismissed, with prejudice.

IV.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Applying that standard here, jurists of reason would not find it debatable whether Carson's petition should be dismissed because it is time-barred.  Accordingly, the Court will not issue a certificate of appealability.

An appropriate Order follows.

ORDER

AND NOW, this 18th day of December, 2020, for the reasons set forth in the Memorandum Opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that Petitioner Kenneth Carson's petition for a writ of habeas corpus is DENIED with prejudice and a certificate of appealability is DENIED. The Clerk of Court is directed to mark this case CLOSED as of this date.

RICHARD A. LANZILLO
United States Magistrate Judge